# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| YUE WANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONTEREY PARK POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. CV 23-01160-FLA (DFM)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Fernando L. Aenlle-Rocha, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.　INTRODUCTION

Plaintiff Yue Wang filed this pro se civil rights action under 42 U.S.C. § 1983, claiming that the Monterey Park Police Department and its officers violated Plaintiff's constitutional rights in connection with her arrest and subsequent detention. See Dkt. 1.

For the reasons set forth below, the Court recommends that this action be dismissed based on res judicata.

## II. PROCEDURAL BACKGROUND

This is the second of two lawsuits. In the first, filed on May 18, 2022, Plaintiff sued Monterey Park Police Department, Peter Palomino, Connor Crabtree, and Cang Sou for violating Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights, as well as various state law claims. See Wang v. Monterey Park Police Dept., Case No. 2:22-cv-03372-FLA-DFM (C.D. Cal.) ("Wang I"), Dkt. 1. On August 25, 2023, after dismissing Plaintiff's Complaint and First Amended Complaint with leave to amend, see Dkts. 23, 40, the Court issued a Report and Recommendation that Plaintiff's Second Amended Complaint be dismissed with prejudice, see Dkt. 44. On September 27, 2023, the District Judge adopted the Court's Report and Recommendation and dismissed Wang I with prejudice. See Dkts. 48, 49.

On January 6, 2023, Plaintiff filed the instant case in state court against the Monterey Park Police Department, Peter Palomino, Connor Crabtree, and Cang Sou. See Wang v. Monterey Park Police Dept., Case No. 2:23-cv-01160-FLA-DFM (C.D. Cal.) ("Wang II"), Dkt. 1, Ex. A. On February 16, Defendants removed this case to federal court. See Dkt. 1. On March 2, 2023, Defendants filed a motion to dismiss that was substantively identical to the motion they filed in Wang I. See Dkt. 7. Accordingly, on March 10, 2023, the Court ordered Plaintiff to show cause why Wang II should not be dismissed because it is duplicative of Wang I. See Dkt. 9. In response, Plaintiff filed a motion to stay Wang II while Wang I played out. See Dkt. 12.[1]

After Wang I was dismissed, the Court ordered Plaintiff to show cause within fourteen (14) days why Wang II should not be dismissed based on res judicata. Plaintiff did not respond to the Court's Order or seek an extension of

---

[1] Considering this Report and Recommendation, Defendants' motion to dismiss and Plaintiff's motion for a stay are each denied as moot.

2

time in which to do so.

### III. LEGAL STANDARD

Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. See W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979). Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). Res judicata applies when there is an (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. See W. Radio Servs. Co., 123 F.3d at 1192.

### IV. DISCUSSION

#### A. Same Parties or Privity

There is no dispute that the parties are the same. Both Wang I and Wang II bring claims against Monterey Park Police Department, Peter Palomino, Connor Crabtree, and Cang Sou.

#### B. Identity of Claims

In determining whether successive claims constitute the same cause of action, the Court considers (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.

1982). "The last of these criteria is the most important." Id. at 1202. Satisfaction of the fourth factor alone is sufficient to establish an identity of claims. See Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr, 944 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding successive claims barred by res judicata based only on analysis of the fourth factor).

Wang I and Wang II arise out of the same transactional nucleus of facts. In both Wang I and Wang II, Plaintiff alleges that Defendants violated her constitutional rights in connection with her arrests on January 12 and 19, 2022, and detention at a hospital from January 13 to 18, 2022. Compare Wang I, Dkt. 29, First Amended Complaint ¶¶ 15-20, 35-65, with Wang II, Dkt. 1-A, Complaint ¶¶ 12-17, 21-52. In short, the alleged conduct that gave rise to both actions is identical. The fact that that Wang II was originally filed in state court and removed to federal court has no bearing on the res judicata determination.

**C.    Final Judgment**

There is no dispute that final judgment was entered in Wang I on September 27, 2023. "The dismissal of the action with prejudice constitutes a final judgment on the merits." Int'l Union, 994 F.2d at 1429; see also Sosa v. DIRECTV, Inc., 437 F.3d 923, 928 (9th Cir. 2006) ("In federal courts, a district court judgment is 'final' for purposes of res judicata," and "[t]his is so even during the pendency of an appeal.").

///
///
///
///
///

## V. CONCLUSION

IT IS RECOMMENDED THAT Judgment be entered dismissing this action with prejudice because it is barred by res judicata.

Date: October 27, 2023

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge